REBECCA BARNARD, Appellant, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Respond-
ent.

**Kansas City Court of Appeals, February 21, 1910.**

HUMANITARIAN DOCTRINE: Sufficiency of Evidence. The evi-
dence not being sufficient to show that defendant's motorman
discovered or might have discovered by the exercise of ordinary
care that a man driving a wagon on defendant's track towards·
defendant's car was in peril, and unconscious of the fact, in
time to have prevented injury to the driver, no cause of action
arises, under the humanitarian doctrine, in favor of the wife
of such driver, who is injured by a collision with such car.

Appeal from Jackson Circuit Court.—*Hon. W. O.
Thomas,* Judge.

AFFIRMED.

*Martin J. O'Donnell* for appellant.

It having been established that plaintiff's husband
was injured by reason of the fact that he negligently
continued to drive on defendant's track after, by the
exercise of ordinary care, he could have seen said car
approaching him, and that the motorman could have
seen him thus negligently continuing to drive towards
said car on said track in time, by the exercise of ordi-
nary care, to have stopped said car and prevented in-
jury to plaintiff's husband, the plea of contributory
negligence set up in defendant's answer constitute no
defense, and defendant's liability has been established.
Matz v. Railroad, 217 Mo. 275; Hall v. Railroad, 118
S. W. 78; Zander v. Transit Co., 206 Mo. 262; Heintz
v. Railroad, 115 Mo. 671; Krehmeyer v. Transit Co.,
220 Mo. 650.

*John H. Lucas* and *Frank G. Johnson* for respondent.

BROADDUS, P. J.—The plaintiff sues to recover damages she sustained, as the wife of Ira Barnard who was injured by the alleged negligence of defendant on the 7th day of September, 1907. The injury occurred in the nighttime on Westport avenue in Kansas City. At the time in question plaintiff's husband was driving his wagon west on said avenue, which runs east and west, and when about midway between Mill and Summit streets which intersect said avenue he came in collision with one of defendant's cars going east. He was thrown from his wagon by the effect of the collision and injured. Barnard was driving along the street on the north track of defendant's railroad and in order to avoid a car going west he pulled his wagon off the north track into the south track and continued on this track until he met one of defendant's cars going east and they collided. The street was straight and sufficiently lighted for the motorman to see the wagon as it approached and for the driver of the wagon to see the approach of the car for a distance of several hundred feet before the collision. The tongue of the wagon struck the front end of the car a short distance from its center.

Previous to this action the husband had brought suit for the damages he sustained by reason of the collision and obtained judgment in the trial court which was reversed on appeal on the ground that he was not entitled under the evidence to recover. The case is reported in 137 Mo. App. 684.

In this case the husband did not testify but several other witnesses were introduced to testify how the collision happened to occur. It was upon the husband's evidence in the previous case that it was made clear that the collision was the result of his own negligence, and that under the humanitarian doctrine defendant was not liable.

Plaintiff's evidence shows that Barnard while driving west on the north track of defendant's road crossed over onto the south track in order to avoid a car going west. The car was going at a speed of from nine to ten miles an hour and the team was going in a trot. One witness testified, that, when Barnard drove onto the south track the car with which it collided was about thirty yards distant: that Barnard attempted to pull his wagon off this track, but that the wheels slipped upon the rails; and that when the collision occurred the horses heads were turned north. Another witness testified that when the wagon reached the south track and turned west it was from forty to fifty feet away from the car. Another witness did not attempt to give the distance and the remaining one did not see the wagon before it was struck.

There is nothing in this evidence tending to show that defendant's motorman saw that the driver of the wagon was in a position of peril in time to have avoided the collision. Under the circumstances he would naturally come to the conclusion that as the driver was coming towards him and in plain view he would drive off the track in time to be out of the way of the car. It is not probable that he had any knowledge whatever that the wheels of the wagon were sliding and would not pass over the rails.

Unless the evidence of defendant's motorman disclosed something which tended to show that he did realize that the driver was in a position of peril in time for him to have avoided striking the wagon, there is nothing to show negligence upon the part of defendant. The motorman testified that his car was going down grade at the speed of from ten to twelve miles an hour; that he saw the wagon about one hundred and twenty-five feet away as it was approaching; that he did not discover any danger until he got within a short distance of it; that then he made every effort to stop,

that the car did not go more than two or three feet after striking the wagon; that the tongue of the wagon struck the end of the car near the center; that the impact did not penetrate the car, only scratched the paint, and broke the fender.

We do not think that defendant's evidence helped plaintiff's case as plaintiff seems to think it did, but on the contrary tends to show that the motorman did not realize the danger to the driver of the wagon until it was too late to avoid it.

The negligence of Barnard, the husband, and driver of the wagon, being conceded, the case must stand or fall upon the humanitarian doctrine, that defendant's motorman discovered or might have discovered by the exercise of ordinary care that Barnard was in peril and unconscious of the fact, in time to have prevented the injury. There is nothing to show that there was any dereliction of duty upon the part of motorman in that respect chargeable to his employer. Affirmed. All concur.